**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JEFFREY DAMONE PRATTE,**

    **Petitioner,**

**v.**                                                  **Case No. 8:08-cv-1029-T-30TBM**

**SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,**

    **Respondents.**

_____/

## ORDER

Petitioner, an inmate of the Florida penal system proceeding *pro se,* (hereinafter referred to as "Petitioner"), brings this petition and supporting brief pursuant to 28 U.S.C. § 2254 (Dkts. 1 and 4). Respondents filed a response (Dkt. 10), and Petitioner filed a reply (Dkt. 13). Upon review, the Court determines that the petition must be denied because it fails to meet the requirements of 28 U.S.C. § 2254(d) and (e).

## BACKGROUND

In May of 2005, a jury convicted Petitioner of one count of attempted robbery with a deadly weapon, fourteen counts of robbery with a weapon, and twenty counts of false imprisonment. (Dkt. 10, Ex. 19). On April 14, 2006, Petitioner, through his appellate counsel, filed a direct appeal of the conviction. (Dkt. 10, Ex. 1). There were two issues on appeal:

> Issue I
>
> THE TRIAL COURT ERRONEOUSLY DENIED A JURY INSTRUCTION PURSUANT TO CIRACK V. STATE, 201 So. 2d 706 (Fla. 1966) ON THE ISSUE OF INSANITY INDUCED BY INVOLUNTARY INTOXICATION FROM PRESCRIPTION DRUGS.
>
> Issue II
>
> THE TRIAL COURT ERRONEOUSLY SENTENCED APPELLANT TO LIFE SENTENCES FOR CONVICTIONS FOR "ROBBERY AS CHARGED" WHEN THERE WAS NO EXPRESS JURY FINDING THAT APPELLANT CARRIED A WEAPON DURING THE ROBBERY.

Id. The State filed its answer brief and Petitioner's appellant counsel filed a reply brief. (Dkt. 10, Ex. 2 and 3).

On December 22, 2006, the Second District Court of Appeal filed a written opinion affirming Petitioner's convictions and sentences. (Dkt. 10, Ex. 4). Petitioner's appellate counsel then filed a motion for rehearing and clarification. (Dkt. 10, Ex. 5). The motion argued that, as to the issue of the trial court's failure to provide an instruction on insanity induced by involuntary intoxication, the Second District Court of Appeal overlooked or misapprehended how the case of Linn v. Fossum, 946 So. 2d 1032 (Fla. 2006), applied to Petitioner's case. Appellate's counsel contended that Linn was not relevant to Petitioner's case because the holding in Linn related to whether an expert may rely upon consultation with colleagues to reach an opinion and then testify about the substance of those consultations. Appellate's counsel pointed out that the issue in Petitioner's case was whether the trial court deprived Petitioner of his right to a defense (insanity induced by involuntary intoxication). On January 30, 2007, the appellate court denied the motion for rehearing and

clarification. (Dkt. 10, Ex. 6). The mandate was issued on February 15, 2007. (Dkt. 10, Ex. 7).

On February 7, 2008, Petitioner filed a petition for writ of habeas corpus and memorandum of law before the Second District Court of Appeal alleging ineffective assistance of appellate counsel. (Dkt. 10, Ex. 8). Petitioner argued that appellate counsel was ineffective for failing to argue in the appeal[1] that: (1) the Linn case, which the appellate court relied on in its denial of the appeal, if applied to Petitioner's case, constituted grounds for reversal, contrary to the opinion offered by the appellate court; and (2) the appellate court's application of the Linn case was an unconstitutional ex post facto application depriving Petitioner of the Cirack jury instruction. On April 17, 2008, the appellate court issued an order denying the petition alleging ineffective assistance of appellate counsel without discussion. (Dkt. 10, Ex. 9).[2]

On May 22, 2008, Petitioner filed the instant petition. (Dkt. 1). On June 13, 2008, Petitioner filed a brief in support of his petition. (Dkt. 4). As set forth in the brief, Petitioner raises two claims of relief, verbatim:

---

[1] The Linn case was decided in 2006, after the date of Petitioner's initial appellate brief and reply brief. Thus, it appears that Petitioner argued that appellate counsel was ineffective for failing to make these arguments in the motion for rehearing and clarification.

[2] On February 28, 2008, while the state habeas proceeding was still pending, Petitioner filed a 3.850 motion for postconviction relief. The motion was ultimately dismissed with leave to amend because the motion was far in excess of the fifty page limit considered to be a "reasonable benchmark." Petitioner filed a motion to reconsider the dismissal, which was denied. Although not relevant to the issues discussed herein, it appears that Petitioner's appeal of the adverse orders is still pending.

> Ground I
> WAS APPELLANT COUNSEL INEFFECTIVE FOR FAILING TO ARGUE THAT <u>LINN V. FOSSUM</u> IF APPLIED TO THE FACTS OF PRATTE'S CASE, ACCORDING TO THE TRIAL RECORD, WOULD SUPPORT REVERSING THE TRIAL COURT'S JUDGMENT AND SENTENCES.
>
> Ground II
> WAS APPELLANT COUNSEL INEFFECTIVE FOR FAILING TO POINT OUT TO THE APPELLATE COURT THAT, IF THE APPELLATE COURT DENIED THE PETITIONER'S DIRECT APPEAL AND AFFIRMED THE LOWER COURT'S DECISION TO DENY THE PETITIONER A REQUESTED <u>CIRACK V. STATE</u> JURY INSTRUCTION, AND THE APPELLATE COURT RELIED SOLELY ON THE <u>LINN V. FOSSUM</u> CASE APPLIED TO THE PETITIONER'S <u>CIRACK</u> JURY INSTRUCTION ISSUE, THEN THE APPELLATE COURT WOULD BE IN VIOLATION OF THE <u>U.S. CONSTITUTION ART. 1 §10, CL.1</u>, AN EX POST FACTO VIOLATION.

In response, Respondents argue that Petitioner fails to meet the threshold requirements for relief under § 2254 (d) and (e). (Dkt. 10). Having carefully reviewed the record, applicable statutes, and controlling case law, and being duly apprised of the arguments presented by the parties, for reasons set forth herein, the Court agrees that Petitioner is not entitled to habeas relief.

## **STANDARD OF REVIEW**

**I.    AEDPA**

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a

state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. See Penry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Price v. Vincent, 538 U.S. 634, 638-39 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003). Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. See Wright v. Sec. of Dep't of Corrs., 278 F.3d 1245, 1255 (11th Cir. 2002). Additionally, a state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## II. Ineffective Assistance of Counsel Claims

Petitioner raises allegations of ineffective assistance of appellate counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d

1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).  In order to show a violation of the Sixth Amendment right to counsel, Petitioner must satisfy the two-pronged inquiry of Strickland v. Washington, 466 U.S. 668, 687 (1984); see Bell v. Cone, 535 U.S. 685, 698 (2002) (courts should apply Strickland to claims that counsel failed to satisfy constitutional requirements at specific points).  First, Petitioner must demonstrate that the attorney's performance was deficient, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Strickland, 466 U.S. at 687.  Second, Petitioner must prove prejudice, in that he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id., 466 U.S. at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id., 466 U.S. at 694.

Petitioner must prove both prongs of Strickland.  Therefore, if Petitioner fails to establish either deficient performance or prejudice, the court need not address the other prong. Id., 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one.  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice,….that course should be followed.");Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

The Strickland standard of review also applies to ineffective assistance of appellate counsel claims.  See Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991), cert. denied, 502

1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).  In order to show a violation of the Sixth Amendment right to counsel, Petitioner must satisfy the two-pronged inquiry of Strickland v. Washington, 466 U.S. 668, 687 (1984); see Bell v. Cone, 535 U.S. 685, 698 (2002) (courts should apply Strickland to claims that counsel failed to satisfy constitutional requirements at specific points).  First, Petitioner must demonstrate that the attorney's performance was deficient, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Strickland, 466 U.S. at 687.  Second, Petitioner must prove prejudice, in that he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id., 466 U.S. at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id., 466 U.S. at 694.

Petitioner must prove both prongs of Strickland.  Therefore, if Petitioner fails to establish either deficient performance or prejudice, the court need not address the other prong. Id., 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one.  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice,….that course should be followed.");Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

The Strickland standard of review also applies to ineffective assistance of appellate counsel claims.  See Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991), cert. denied, 502

U.S. 1077 (1992).  Thus, to prevail on a claim of ineffective assistance of appellate counsel, Petitioner must first show that appellate counsel was objectively unreasonable in not raising the omitted issue.  Smith v. Robbins, 528 U.S. 259 (2000).  In Jones v. Barnes, 463 U.S. 745 (1983), the Supreme Court held that the Sixth Amendment does not require appellate advocates to raise every nonfrivolous issue.  The Court suggested that effective advocates "winnow out" weaker arguments even though the weaker arguments may be meritorious.  Id. at 751-52.  The exercise of judgment involved in framing an appeal makes it "difficult to demonstrate that [appellate] counsel was incompetent" under Strickland for omitting a particular argument.  Smith v. Robbins, 528 U.S. at 285-86 (citing Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome")).  To demonstrate prejudice, Petitioner must establish a reasonable probability that, but for appellate counsel's alleged error, he would have prevailed on appeal.  Smith v. Robbins, 528 U.S. at 286.

## DISCUSSION

Since Petitioner's convictions were entered after AEDPA was enacted, the instant petition is subject to the provisions thereof.  Moreover, because a state court initially considered the claims raised by Petitioner, § 2254(d) governs the review of his claims.  See Mobley v. Head, 267 F.3d 1312, 1316 (11th Cir. 2001).

**I.   Ground I**

Petitioner argues that appellate counsel was ineffective because he failed to point out to the appellate court that an application of the Linn case would be beneficial to Petitioner and would actually result in a reversal of the trial court's decision to refrain from providing a Cirack jury instruction. This argument is without merit. Indeed, a review of appellate counsel's initial brief, reply brief, and motion for rehearing or reconsideration, demonstrates that appellate counsel was extremely competent. Appellate counsel, in his motion for rehearing, argued that the appellate court's reference to Linn was misplaced, because the Linn case was not relevant to the issue of whether the trial court should have provided a Cirack jury instruction. Appellate counsel correctly pointed out that Linn did not control the disposition of Petitioner's case in any way and, instead, related to "the question of whether an expert may rely upon consultation with colleagues to reach an opinion and then testify about the substance of those consultations (as a conduit for hearsay)." (Dkt. 10, Ex. 5). Appellate counsel also pointed out that in Petitioner's case "all the expert opinions were based upon facts in evidence and not upon consultations with other experts." Id. Accordingly, Petitioner cannot meet the first prong of Strickland, i.e., that appellate counsel's performance was deficient. Appellate counsel is not ineffective for failing to assert an argument that lacks merit. See Spencer v. State, 842 So. 2d 52, 74 (Fla. 2003) (noting that "[a]ppelate claims will not be considered ineffective for failing to raise issues that have little or not chance of success.").

Even assuming, *arguendo*, that appellate counsel was somehow deficient for failing to assert the argument that Linn was beneficial to Petitioner's case, Petitioner fails to meet the second element of Strickland. Specifically, Petitioner does not show that it was reasonably probable that, but for the claimed omission of appellate counsel, he would have prevailed in his direct appeal. It is also objectively reasonable to conclude that the silent habeas denial by the Second District Court of Appeal resulted in a reasonable application of Strickland under either prong.

Finally, to the extent that Petitioner is somehow arguing an error of state law, it is important to note that errors of state law in and of themselves are not cognizable on habeas review. Lanza v. Secretary, Department of Corrections, et al., No. 8:06-cv-380-T-30MSS, 2008 WL 3889628 (M.D. Fla. Aug. 20, 2008) (citing Perruquet v. Briley, 390 F.3d 505, 511 (7th Cir. 2004)). The remedial power of a federal habeas court is limited to violations of the petitioner's federal rights, so only if a state court's errors have deprived the petitioner of a right under federal law can a federal court intervene. Id. Because a state trial court's evidentiary rulings and jury instructions turn on state law, these are matters that are usually beyond the scope of federal habeas review. Id.

## II.     Ground II

Petitioner argues that appellate counsel was ineffective for failing to argue in the appeal that the appellate court's application of Linn was an ex post facto violation. This argument is unintelligible. First, the appellate court's opinion is not clear as to whether it was applying Linn at all to the facts of Petitioner's case. Moreover, Petitioner fails to

articulate clearly how an application of Linn deprived him of a defense available to him at the time his offenses were committed. Accordingly, Petitioner cannot meet the first prong of Strickland, because, as set forth herein, appellate counsel cannot be deficient for failing to make arguments that are weak or lack merit. Moreover, Petitioner also fails to demonstrate that appellate counsel's failure to make this argument would have resulted in a favorable result in the appeal. Thus, Petitioner cannot meet either prong of Strickland.

## CONCLUSION

For the foregoing reasons, the Court finds that Petitioner is not entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on August 21, 2009.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-1029.2254order.wpd